UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE C. HALL II,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 07-523 AGR<br><br><br><br>MEMORANDUM OPINION AND ORDER |

Prince C. Hall II filed this action on May 18, 2007. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on June 14 and 15, 2007. On January 30, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms in part, reverses in part, and remands for further proceedings consistent with this Opinion.

///
///
///
///

**I.**

## PROCEDURAL BACKGROUND

On February 24, 2003, Hall filed an application for supplemental security income benefits. A.R. 15. The application was denied initially and upon reconsideration. *Id.* The Administrative Law Judge ("ALJ") conducted a hearing on September 24, 2004, at which Hall testified. A.R. 487-502. On October 21, 2004, the ALJ issued a decision denying benefits. A.R. 12-23. Hall requested review of the ALJ's decision. A.R. 8. On March 5, 2007, the Appeals Council denied Hall's request for review. A.R. 3-5.

This lawsuit followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///
///

# III.
# DISCUSSION

## A. Definition of Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Hall had the following severe impairments: "residuals from a motor vehicle accident and left fibula fracture." A.R. 22. Hall had the residual functional capacity "to perform medium work that does not require overhead use of his left, non-dominant upper extremity." *Id.* Based on his residual functional capacity, the ALJ found that Hall could perform his past relevant work as a cook either as actually performed or as it is generally performed in the national economy. *Id.* The ALJ found that Hall could perform other work existing in significant numbers in the national economy under Medical-Vocational Rule 203.15. *Id.*

## C. Consultative Report of Dr. Meltzer

In assessing Hall's residual functional capacity (RFC), the ALJ stated that he "reviewed all of the evidence and find nothing to indicate that more restrictive limitations are warranted." A.R. 16, 19.

The ALJ's decision discussed Dr. Meltzer's opinion. A.R. 19. On September 16, 2003, Dr. Laurence Meltzer, an orthopedic surgeon, performed a consultative examination of Hall and reported his findings to the California Department of Social Services. A.R. 347-352. Dr. Meltzer found that as a result

of a car accident on July 7, 2003, Hall had a dislocated left shoulder. A.R. 347. Based on an exam of his left shoulder, Dr. Meltzer found that Hall's abduction,[1] flexion,[2] external rotation,[3] internal rotation, and extension[4] were all significantly below normal levels, and that there was pain throughout Hall's limited range of motion. A.R. 19, 348. Dr. Meltzer concluded that Hall's "only functional restrictions involve his upper extremity on the left side. He cannot reach in all directions. He would have difficulty using the left hand with gross manipulation because of the difficulty moving his shoulder, although he could do some fine manipulation, but he could not reach even to tabletop level. He certainly could not reach above the shoulder level at all." A.R. 19, 351.

Although the ALJ noted Dr. Meltzer's findings, the ALJ's RFC assessment adopted only a restriction on overhead work with Hall's left, non-dominant upper extremity. A.R. 19. The ALJ gave no explanation as to why he implicitly rejected Dr. Meltzer's other findings. *Id.* None of the medical records involving Hall's left shoulder cited by the ALJ appear to contradict Dr. Meltzer's findings. For example, on August 1, 2003, Hall's range of motion was measured as markedly limited. A.R. 199. On September 26, 2003, Dr. Thu Do completed a physical

///

---

[1] Abduction is "[m]ovement of a body part away from the median plane (of the body, in the case of limbs . . .). Stedman's Medical Dictionary (available at http://activate.lww.com/semdweb/internetsomd/ASP/1485550.asp).

[2] Flexion is "the act of bending or the condition of being bent." Dorland's Medical Dictionary (available at http://www.mercksource.com/pp/us/cns/cns_hl_dorlands_split.jsp?pg=/ppdocs/us/common/dorlands/dorland/three/000040862.htm).

[3] Rotation is the "[t]urning or movement of a body around its axis." Stedman's Medical Dictionary (available at http://activate.lww.com/semdweb/internetsomd/ASP/1562456.asp).

[4] Extension is "a movement bringing the members of a limb into or toward a straight condition." Dorland's Medical Dictionary (available at http://www.mercksource.com/pp/us/cns/cns_hl_dorlands_split.jsp?pg=/ppdocs/us/common/dorlands/dorland/three/000037845.htm).

4

RFC indicating that Hall was "limited"[5] in "[r[eaching all directions (including overhead)." A.R. 368. Dr. Do commented that Hall was to do "no above shoulder overhead reaching and no overhead work on left upper extremity." *Id.* On November 14, 2003, measurements of Hall's left shoulder range of motion indicated significant limitations in flexion. A.R. 417. Notes from a visit on June 28, 2004, indicated limitations in flexion and abduction in Hall's left shoulder. A.R. 453.

The ALJ failed to provide "clear and convincing reasons" or "specific and legitimate reasons" for his rejection of Dr. Meltzer's findings. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) ("As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician. And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.") (citations omitted).

Accordingly, Dr. Meltzer's report must be credited on remand. *See Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006).

### D. Steps Four and Five

At step four of the sequential analysis, a claimant bears the burden of showing that he can no longer perform his past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Id.* The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the

---

[5] The only two choices on the form are "limited" or "unlimited."

past work." *Id.* at 845; Social Security Ruling (SSR) 82-62. The Dictionary of Occupational Titles (DOT) raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

Hall argues that the DOT would preclude Hall from performing his past relevant work as a cook. JS 10. The job of cook requires frequent reaching. DOT 315.361-010 (available at 1991 WL 672732). Dr. Meltzer opined that Hall cannot reach in all directions, he could not reach even to tabletop level, and could not reach above the shoulder level at all. A.R. 351.

Accordingly, on remand at step four, with the aid of a vocational expert, the ALJ must make specific findings as to Hall's RFC after crediting Dr. Meltzer's report, the physical demands of his past relevant work, and whether Hall can perform his past relevant work given his RFC. *See, e.g., Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006) (vocational expert may aid in determining whether claimant with limitation on overhead reaching could perform job classified by DOT as requiring frequent reaching).

At step five of the sequential analysis, the Commissioner bears the burden of demonstrating that there is other work in significant numbers in the national economy that the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is "disabled" and entitled to disability benefits. *Id.*

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id.* "Where a claimant suffers only exertional limitations, the ALJ must consult the grids. Where a claimant suffers only non-exertional limitations, the grids are inappropriate, and the ALJ must rely on other evidence. Where a claimant

6

suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Id.* at 1115 (citations omitted).

Here, the ALJ determined that Hall is not disabled under Grid Rule 203.14. A.R. 21-22. However, on remand, Dr. Meltzer's findings as to reaching must be credited. Reaching constitutes a non-exertional impairment that precludes exclusive reliance on the grids when it is "significant enough to limit further the range of work permitted by exertional limitations." *Lounsburry*, 468 F.3d at 1115 & n.2 (citations omitted).

On remand, if the matter proceeds to step five, the ALJ must determine whether Hall's non-exertional limitation as to reaching is "significant enough to limit further the range of work permitted by [Hall's] exertional limitations." *Id.* If so, the ALJ cannot rely on the grids alone but must be assisted by a vocational expert to determine whether Hall is disabled. *See Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999).

### E. Consultative Report of Dr. Rooks and Severity of Mental Impairment

At step two of the sequential analysis, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. 516.908. "[T]he impairment must be one that

'significantly limits your physical or mental ability to do basic work activities.'"[6] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)). "If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied." *Id.* at 141.

The Ninth Circuit has held that "[a]n impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step two is "'a *de minimis* screening device [used] to dispose of groundless claims'" and the ALJ's finding must be "'clearly established by medical evidence.'" *Id.* at 687 (citations omitted).

Hall argues that the ALJ erred in failing to find a severe mental impairment and in failing to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinion of psychiatrist Dr. Rooks. JS 15.

Contrary to Hall's argument, the ALJ discussed Dr. Rooks' opinion at length. A.R. 20. As the ALJ noted, on Axis I, Dr. Rooks diagnosed him with "[l]ong term history of polysubstance abuse, especially intravenous use of heroin and cocaine. Alcoholism, last drink being this morning prior to this appointment." A.R. 20, 159. On Axis II, Dr. Rooks diagnosed him with "[a]ntisocial personality disorder, severe." A.R. 159.

Hall fails to show that Dr. Rooks' report is inconsistent with the ALJ's finding that Hall does not have a severe mental impairment "other than alcohol abuse, drug abuse, and many years of imprisonment." A.R. 20. Dr. Rooks

---

[6] The ability to do basic work activities includes "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "capacities for seeing, hearing, and speaking," "understanding, carrying out, and remembering simple instructions," "use of judgment," "responding appropriately to supervision, co-workers, and usual work situations," and "dealing with changes in a routine work setting." *Yuckert*, 482 U.S. at 141 (internal quotation marks omitted).

specifically stated: "It is more likely that his substance use history and antisocial behavior if not incarcerations have prevented him from continued employment. A.R. 160. "Concentration is adequate. Persistence and pace could be good, but would depend upon his interest in the task at hand. He apparently has had little interest in constructive work." *Id.* Further, Dr. Rooks found that Hall "is able to understand, carry out, and remember simple instructions, and probably could perform reasonably detailed and complex tasks if he put his mind to it, though it is not likely he would do the latter." *Id.* "He is capable of maintaining regular attendance, and performing work activities on a consistent basis, but it is likely he would not put the energy into constructive work. He would need additional supervision in the sense that one would have to ensure that he was actually doing the work at hand." *Id.* With respect to Hall's ability to complete a normal workday, Dr. Rooks stated "[i]n my opinion he does not have a major mood disorder nor active psychotic disorder that would interrupt his day." *Id.* However, Hall's antisocial personality disorder and substance use or alcohol use could potentially interrupt his ability to complete a normal workday. *Id.* Although stress tolerance is moderately impaired, "[h]e could deal with reasonable changes in the work situation." *Id.* Dr. Rooks said Hall was "capable of interacting with co-workers and with the public, but would probably be seen as unreliable, a conniver, and dishonest." *Id.* Dr. Rooks found it likely that Hall would continue to abuse substances in the future. A.R. 161.

Dr. Rooks' assessment did not contradict the ALJ's finding. *See Matthews v. Shalala*, 10 F.3d 678, 680-81 (9th Cir. 1993) (when treating physician did not opine claimant was disabled, ALJ not required to set forth explanation of reasons); *see also Marci v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996). An ALJ is required to set forth specific and legitimate reasons supported by substantial evidence in the record only when the ALJ *rejects* an examining physician's opinion.

9

Moreover, the ALJ stated that he relied upon the more recent findings of a state agency physician. A.R. 16, 20. A more recent opinion may be entitled to greater weight. *See Lester*, 81 F.3d at 833. On September 26, 2003, Hall was evaluated by psychiatrist and neurologist Reynaldo Abejuela who reported his findings to the California Department of Social Services. A.R. 355, 361. On Axis I, Dr. Abejuela diagnosed Hall with a mild depressive disorder. A.R. 358. On Axis II, Dr. Abejuela deferred any diagnosis. A.R. 359. Dr. Abejuela found that Hall had no severe difficulties in social functioning, that Hall's response to coworkers, supervisors, and the public was also not severely impaired. A.R. 360. He also found that Hall had "no severe limitations due to emotional impairment." *Id.* On October 7, 2003, Dr. Gross also opined that Hall's medical impairment is not severe. A.R. 376, 385.

Finally, the ALJ noted that Hall was taking medications for his psychiatric problems. A.R. 20. Hall testified at the hearing that his psychiatric medications helped him when he took them. A.R. 496-497. *Warre v. Commissioner of the Social Security Administration*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.") (citation omitted).

The ALJ's determination that Hall does not have a severe mental impairment is clearly established by medical evidence, including opinions by examining physicians. *Webb*, 433 F.3d at 686-87. No physician opined that Hall had a severe mental impairment.[7]

///

///

///

---

[7] The Court notes that Hall has not established on this record that his drug abuse and alcohol abuse were not contributing factors material to any mental impairment. *See Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1068 (2008).

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the matter is affirmed in part, reversed in part, and remanded for proceedings consistent with this Opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: April 24, 2008

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge